UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHARON HOLMES,

    Plaintiff,

v.                                  Case No: 2:17-cv-367-FtM-38CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Plaintiff's Unopposed Application for Attorney Fees Under the Equal Access to Justice Act filed on September 6, 2018. Doc. 21. Plaintiff requests an award of attorney's fees in the amount of $5,750.42 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). *Id.* at 1.[2] Plaintiff includes an itemization of attorney time showing that

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

attorney Jonas H. Kushner, of the firm Kushner and Kushner, expended a total of 22.45 hours of attorney time at the hourly rate of $196.01 in 2017, and a total of 6.75 hours of attorney time at the hourly rate of $200.00 in 2018.  *Id.* at 8-9.  Plaintiff states the Commissioner does not oppose the requested relief.  *Id.* at 2.  For the reasons stated herein, the Court recommends the motion be granted.

Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than two million dollars at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.  28 U.S.C. § 2412(d).

Here, on August 13, 2018, the Court entered an order reversing and remanding this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Doc. 19.  Judgment was entered on August 13, 2018.  Doc. 20. Plaintiff asserts that the Commissioner's position in the underlying action was not substantially justified, and that Plaintiff's net worth at the time this proceeding was filed was less than two million dollars.  Doc. 21 at 1.  The Commissioner does not contest that Plaintiff meets the requirements under the EAJA, and the Court recommends that all conditions have been met.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. §

2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Plaintiff's counsel is requesting adjusted hourly rates that are authorized by applying cost-of-living adjustments to the $125.00 ceiling for work performed during 2017 and 2018. Doc. 21 at 5-6. Because the Commissioner does not object to the adjusted hourly rates sought and they are within the rates permitted by the EAJA, the Court recommends $196.01 for 2017 and $200.00 for 2018 are appropriate and reasonable hourly rates for those years. As noted, Plaintiff's counsel also has submitted a schedule of hours that includes an itemization of legal services performed. Doc. 21 at 8-9. After reviewing the description of the services provided, the Court recommends the time is reasonable and properly compensable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. Plaintiff's Unopposed Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 21) be **GRANTED**, and attorney's fees in the total amount of $5,750.42 be awarded to Plaintiff pursuant to the EAJA, 28 U.S.C. § 2412(d);

2. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel; and

3. The Clerk be directed to enter judgment for Plaintiff as to attorney's fees in the total amount of $5,750.42 under the EAJA, 28 U.S.C. § 2412(d).

**DONE** and **ENTERED** in Fort Myers, Florida on this 12th day of September, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record